Mehtvin v Ravi (2020 NY Slip Op 00852)





Mehtvin v Ravi


2020 NY Slip Op 00852


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-04673
 (Index No. 5420/14)

[*1]Dustan Mehtvin, etc., et al., appellants, 
v
Bala K. Ravi, etc., et al., respondents, et al., defendant.


Krentsel & Guzman, LLP, New York, NY (Jeffrey A. Guzman, Julie T. Mark, and Marcia Raicus of counsel), for appellants.
Garson & Jakub, LLP, New York, NY (Susan M. McNamara and Michael Morris of counsel), for respondents Bala K. Ravi and Derek Liang.
Arshack, Hajek & Lehrman, PLLC, New York, NY (Lynn Hajek of counsel), for respondent Wyckoff Heights Medical Center.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated March 13, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Bala K. Ravi and Derek Liang which were for summary judgment dismissing all of the causes of action insofar as asserted against them other than the cause of action alleging lack of informed consent, which was previously dismissed, and granted that branch of the separate motion of the defendant Wyckoff Heights Medical Center which was for summary judgment dismissing so much of the complaint as sought recovery against it based upon the theory of vicarious liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the motion of the defendants Bala K. Ravi and Derek Liang which were for summary judgment dismissing all of the causes of action insofar as asserted against them other than the cause of action alleging lack of informed consent, and that branch of the separate motion of the defendant Wyckoff Heights Medical Center which was for summary judgment dismissing so much of the complaint as sought recovery against it based upon the theory of vicarious liability, are denied.
In the early morning of July 9, 2012, Shannen Lyles (hereinafter the decedent), who was pregnant, was admitted to the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff) after her water broke. When vaginal delivery did not progress, a cesarian section was performed on the morning of July 10, 2012. In the early morning of July 11, 2012, the decedent collapsed and died after getting out of bed to go to the bathroom. The autopsy report stated that the cause of death was "pulmonary thromboembolism due to deep vein thrombosis complicating relative immobility following cesarean section."
The administrator of the decedent's estate and the decedent's infant child (hereinafter [*2]together the plaintiffs) commenced this action against Wyckoff and two physicians, the defendants Bala K. Ravi and Derek Liang (hereinafter together the physicians), as well as another defendant, to recover damages, inter alia, for medical malpractice, wrongful death, and lack of informed consent. The physicians moved for summary judgment dismissing the complaint insofar as asserted against them, and Wyckoff separately moved for summary judgment dismissing the complaint insofar as asserted against it. After oral argument, the Supreme Court directed dismissal of the cause of action alleging lack of informed consent insofar as asserted against the physicians and dismissal of the complaint insofar as asserted against Wyckoff, except for so much of the complaint as sought recovery against it based upon the theory of vicarious liability. The plaintiffs do not challenge the court's determination directing these dismissals. In an order dated March 13, 2017, the court granted the remaining branches of both motions. The plaintiffs appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960; see Stukas v Streiter, 83 AD3d at 23). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, it is undisputed that the physicians made a prima facie showing of entitlement to judgment as a matter of law through the submission of the decedent's medical records, transcripts of relevant deposition testimony, and the affidavit of their expert, who opined within a reasonable degree of medical certainty that the physicians did not depart from the applicable standard of care and that their treatment did not contribute to the decedent's death (see Wagner v Parker, 172 AD3d 954, 955; Lowe v Japal, 170 AD3d 701, 703). However, in opposition, the plaintiffs raised triable issues of fact as to whether the physicians departed from the applicable standard of care by failing to administer anticoagulant medication, and whether such departure was a proximate cause of the decedent's injuries and death (see Gachette v Leak, 172 AD3d 1327, 1329-1330).
Contrary to the Supreme Court's determination, the affidavit of the plaintiffs' expert did not assert a new theory of liability not asserted in the pleadings (cf. Troia v City of New York, 162 AD3d 1089, 1092). Rather, the expert's assertion that the decedent's history of rickets was one of the risk factors which warranted administration of an anticoagulant medication merely expounded on the allegation in the bills of particulars that the physicians were negligent in failing to administer such medication. Further, in light of the finding of the autopsy report that the decedent's death was caused by "pulmonary thromboembolism due to deep vein thrombosis," the expert's claim that the decedent's death was caused by deep vein thrombosis was not without support in the record.
Contrary to the Supreme Court's further determination, the plaintiffs' expert sufficiently defined the standard of care the expert claimed was violated (cf. Bongiovanni v Cavagnuolo, 138 AD3d 12, 20). Since the expert offered an opinion within his or her area of specialization, the expert was not required to provide official medical guidelines or other foundational evidence to support the reliability of the opinion rendered (see Romano v Stanley, 90 NY2d 444, 452; Ellis v Eng, 70 AD3d 887, 891). While the physicians' expert disagreed that the standard of care called for the administration of anticoagulant medication to patients in pre-labor who present with obesity and a history of rickets, and that such medication was further indicated once a cesarian section was contemplated, the plaintiffs' expert opined that the failure to administer anticoagulant medication was a departure from the applicable standard of care and proximately caused the decedent's injuries and death. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1040 [internal quotation marks omitted]). "That the experts disagreed presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution'" (B.G. v Cabbad, 172 AD3d 686, 688, quoting [*3]Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624).
Accordingly, the Supreme Court should have denied those branches of the physicians' motion which were for summary judgment dismissing all of the causes of action insofar as asserted against them other than the cause of action alleging lack of informed consent. Since the plaintiffs raised a triable issue of fact as to the liability of the physicians, that branch of Wyckoff's motion which was for summary judgment dismissing so much of the complaint as sought recovery against it based upon the theory of vicarious liability should also have been denied (see Loaiza v Lam, 107 AD3d 951, 953-954).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court