Cox v Herzog (2021 NY Slip Op 01389)





Cox v Herzog


2021 NY Slip Op 01389


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-06117
 (Index No. 103176/12)

[*1]Barbara Cox, et al., respondents,
v
David M. Herzog, etc., et al., appellants, et al., defendants.


Belair & Evans LLP, New York, NY (Elan J. Schefflein of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants David M. Herzog, David M. Herzog, M.D. & Associates, David M. Herzog, M.D., P.C., and Herzog Cosmetogynecology, P.C., appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated March 15, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff Barbara Cox (hereinafter the plaintiff), and her husband suing derivatively, commenced this action against, among others, her gynecologist David M. Herzog and his medical practice (hereinafter collectively the defendants), alleging medical malpractice and lack of informed consent in connection with a June 12, 2009 Essure sterilization procedure Herzog performed on the plaintiff. Three days following the procedure, the plaintiff reported to the hospital with severe chest pain and dizziness, resulting in quadruple coronary artery bypass surgery. The plaintiff alleged that the defendants' alleged departures in connection with the Essure procedure caused and/or contributed to her cardiac decompensation and resulting hospitalization and bypass surgery.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 15, 2018, the Supreme Court denied the defendants' motion, determining that the conflicting expert opinions submitted by the parties precluded summary judgment. The defendants appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Mehtvin v Ravi, 180 AD3d 661, 662 [internal quotation marks omitted]; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039; Stukas v Streiter, 83 AD3d 18, 23). "To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she [*2]had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Gilmore v Mihail, 174 AD3d 686, 688 [internal quotation marks omitted]; see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670). In moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960; see Mehtvin v Ravi, 180 AD3d at 663). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Mehtvin v Ravi, 180 AD3d at 663).
Here, the defendants met their prima facie burden through the affidavit of Herzog, who opined with a reasonable degree of medical certainty that he did not depart from the applicable standard of care, that he fully discussed with the plaintiff the risks and alternatives to the Essure procedure, and that his treatment did not contribute to the plaintiff's injuries (see Wagner v Parker, 172 AD3d 954, 955; Lowe v Japal, 170 AD3d 701, 703). However, the plaintiffs' submissions in opposition to the motion raised triable issues of fact precluding summary judgment. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Hutchinson v New York City Health & Hosps. Corp., 172 AD3d at 1040 [internal quotation marks omitted]; see B.G. v Cabbad, 172 AD3d 686, 687). "That the experts disagreed presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution" (Mehtvin v Ravi, 180 AD3d at 664 [internal quotation marks omitted]; see B.G. v Cabbad, 172 AD3d at 687; Leto v Feld, 131 AD3d 590, 591).
Contrary to the defendants' contention, the allegation that Herzog failed to diagnose the plaintiff's diabetes, and have it treated and under control prior to performing the Essure procedure, was not a new theory of liability improperly asserted for the first time in opposition to summary judgment (cf. Troia v City of New York, 162 AD3d 1089, 1092). Rather, the allegation merely expounded upon the allegations in the bill of particulars that Herzog failed to appreciate the plaintiff's glucose levels and other risk factors, "failed to timely diagnose plaintiff's condition," and should not have performed the Essure procedure "on a patient with a history of obesity, smoking, and diabetes without first obtaining/performing pre-operative testing" (see Mehtvin v Ravi, 180 AD3d at 663). Further, the conclusions of the plaintiff's expert were not vague or conclusory or without support in the record (see generally Wagner v Parker, 172 AD3d at 955; Tsitrin v New York Community Hosp., 154 AD3d 994, 996). The expert addressed Herzog's specific assertions made in his affidavit, set forth an explanation of his or her reasoning, and relied on specifically cited evidence in the record in concluding that Herzog should have advised the plaintiff of the less invasive alternative of a Mirena IUD and should have referred her for further testing prior to performing the Essure procedure, and that these departures contributed to the plaintiff's injuries by exacerbating her pre-existing conditions, resulting in cardiac decompensation, hospitalization, and bypass surgery (see Salgado v North Shore Univ. Hosp., 167 AD3d 1057, 1058; cf. Wagner v Parker, 172 AD3d at 955). Moreover, the plaintiff stated in her affidavit that she was not advised about alternative procedures and that she would have opted for the Mirena IUD had she been told about it.
Although the expert's affirmation was partially redacted, it recited the expert's qualifications in sufficient detail so as to establish that the expert possessed the requisite skill, training, education, knowledge, or experience to render a reliable opinion (see Matott v Ward, 48 NY2d 455, 459; Kovacic v Griffin, 170 AD3d 1143, 1144). In any event, an unredacted copy of the affirmation was reviewed by the Supreme Court in camera.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court