Cerrone v North Shore-Long Is. Jewish Health Sys., Inc. (2021 NY Slip Op 04593)





Cerrone v North Shore-Long Is. Jewish Health Sys., Inc.


2021 NY Slip Op 04593


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-12384
 (Index No. 24047/10)

[*1]Brian Cerrone, appellant, 
v
North Shore-Long Island Jewish Health System, Inc., et al., respondents, et al., defendants.


Ginsberg & Wolf, P.C., Brooklyn, NY (Martin Wolf of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered August 2, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants North Shore-Long Island Jewish Health System, Inc., Schneider Children's Hospital, North Shore-Long Island Jewish Medical Care, PLLC, North Shore-LIJ Network, Inc., Barbara Eberhard, and Mayer Sagy.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants North Shore-Long Island Jewish Health System, Inc., Schneider Children's Hospital, North Shore-Long Island Jewish Medical Care, PLLC, North Shore-LIJ Network, Inc., Barbara Eberhard, and Mayer Sagy is denied.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, asserting that the defendants were negligent in the care rendered to him during his hospitalizations at Long Island Jewish Medical Center, incorrectly sued herein as Schneider Children's Hospital (hereinafter LIJMC), between April and July 2008, and, as a result, he developed severe ulcers, lesions, and bed sores on both his legs and knees and throughout his body, and otherwise sustained severe and permanent personal injuries. In an order entered August 2, 2018, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants North Shore-Long Island Jewish Health System, Inc., LIJMC, North Shore-Long Island Jewish Medical Care, PLLC, North Shore-LIJ Network, Inc., Barbara Eberhard, and Mayer Sagy (hereinafter collectively the respondents). The plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 797). To prevail on a motion for [*2]summary judgment in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure or that his or her acts were not a proximate cause of the plaintiff's injuries (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090; Stukas v Streiter, 83 AD3d at 25). Once this showing has been made, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Korszun v Winthrop Univ. Hosp., 172 AD3d 1343, 1345 [internal quotation marks omitted]; see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1079).
Here, the defendants established the respondents' prima facie entitlement to judgment as a matter of law through the expert affirmation of Ernest Chiu, a board-certified plastic surgeon and director of the NYU Helen & Martin Kimmel Hyperbaric and Advanced Wound Healing Center, who opined within a reasonable degree of medical certainty that the care and treatment provided to the plaintiff by the respondents was in accordance with good and acceptable standards of medical practice, the respondents did not deviate from the prevailing standard of care, the respondents' care was not the proximate cause of the injuries alleged by the plaintiff, and given the plaintiff's comorbidities, which limited his ability to heal, the development and progression of the plaintiff's wounds were unavoidable, even with the best treatment (see Korszun v Winthrop Univ. Hosp., 172 AD3d at 1345; Vargas v St. Barnabas Hosp., 168 AD3d 596, 596; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 903).
Contrary to the plaintiff's contention, the defendants' expert did not fail to lay the requisite foundation for his asserted familiarity with the applicable standards of care. While a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the expert should be possessed of the requisite skill, training, education, knowledge, or experience from which it can be assumed that the opinion rendered is reliable (see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d at 1079-1080; Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895). Here, the professional background of the defendants' expert was sufficient to support the inference that he was possessed of the requisite skill, training, education, knowledge, or experience from which it can be assumed that the opinion rendered was reliable (see Romano v Stanley, 90 NY2d 444, 452; Mehtvin v Ravi, 180 AD3d 661, 663). Moreover, the defendants' expert affirmed that by virtue of his training and experience he was fully familiar with the standards of accepted practice in the field of wound care, and was familiar with the responsibilities of hospital staff and physicians in the treatment of patients with skin breakdown and pressure/decubitus ulcers, as they existed in 2008.
The plaintiff's contention that the affirmation of the defendants' expert was insufficient because it was conclusory, speculative, and unsupported is without merit. Bare conclusory assertions that a defendant did not deviate from good and accepted medical practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle the defendant to summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Here, however, the opinion of the defendants' expert was properly based upon, among other things, the medical records relating to the plaintiff's alleged injury (cf. Macias v Ferzli, 131 AD3d 673, 676).
In opposition to the defendants' prima facie showing, the plaintiff raised a triable issue of fact through the expert affirmation of Craig A. Nachbauer, a thoracic surgeon and Medical Director of the University of Vermont Health Network-CVPH Wound Center, who opined within a reasonable degree of medical certainty that the respondents departed from the accepted standard of care and that such departure resulted in decubitus ulcers and the disfigurement of the plaintiff's knees (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Specifically, the plaintiff's expert raised a triable issue of fact as to whether the respondents failed to take appropriate measures to prevent the decubitus ulcers that developed on the plaintiff's knees, including allowing him to remain prone without turning or repositioning him for over 90 hours, without the use of pillows, foam, and gel pads to protect his hips or knees, and whether, as a consequence, the plaintiff sustained severe and permanent decubitus ulcers, which could have been prevented by following the appropriate standard of care.
Contrary to the Supreme Court's determination, the plaintiff's expert established that his qualifications were sufficient to render an opinion as to the propriety of the wound care provided to the plaintiff in 2008 (see Romano v Stanley, 90 NY2d at 452; Mehtvin v Ravi, 180 AD3d at 663). In his affirmation, the plaintiff's expert averred, among other things, that he had practiced surgery and wound care for approximately 30 years and that by virtue of his training and experience, he was fully familiar with the standards of accepted practice in the field of wound care, and with the responsibilities of hospital staff and physicians in the prevention and treatment of pressure/decubitus ulcers, as they existed in 2008. Although the curriculum vitae of the plaintiff's expert made no specific reference to his professional involvement with wound care until 2013, when he was appointed Medical Director of the University of Vermont Health Network-CVPH Wound Center, such does not contradict his affirmation with regard to his experience or familiarity with the relevant standard of care in 2008.
Since the plaintiff's expert was qualified to render an opinion as to the appropriate standard of care by virtue of his experience and expertise, he was qualified to do so independent of any citations or authorities (see Romano v Stanley, 90 NY2d at 452; Mehtvin v Ravi, 180 AD3d at 663). In any event, the plaintiff's expert referenced certain medical literature which was not essential to, but which supported, his opinion, and such literature, although published in 2017, inter alia, referred to studies conducted prior to 2008.
The respondents' contention that the affirmation of the plaintiff's expert was substantially deficient is without merit.
Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (see Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904). In light of the conflicting expert opinions submitted here, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the respondents.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court