Buch v Tenner (2022 NY Slip Op 02247)

Buch v Tenner

2022 NY Slip Op 02247

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-13374
 (Index No. 14636/13)

[*1]Irene Buch, etc., respondent, 
v
Scott Tenner, etc., appellant, et al., defendants.

Garbarini & Scher, P.C., New York, NY (William D. Buckley and Thomas M. Cooper of counsel), for appellant.
Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Scott Tenner appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated August 21, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2011, the plaintiff's decedent met with the defendant physician Scott Tenner after a CAT scan revealed a 10-centimeter mass in the decedent's abdomen. Based on this finding, Tenner performed an endoscopy of the decedent's stomach, and observed "a submucosal mass ill defined, with scattered ulceration" in the body and cardia of the stomach. During the endoscopy, Tenner also took several biopsies, and pathology studies of the biopsied specimens established the presence of "infiltrating poorly differentiated adenocarcinoma, signet ring cell type, in gastric mucosa and granulation tissue." Following this diagnosis, the decedent underwent a chemotherapy regimen as well as surgery to remove the mass. In June 2011, the mass that was removed from the decedent's stomach was sent for a pathology study, and in July 2011 it was determined that the mass was a gastrointestinal stromal tumor (hereinafter GIST), and not adenocarcinoma as was originally expected. This finding was significant because a GIST is another distinct form of gastric cancer which requires a specific treatment plan that is different from the treatment plan for adenocarcinoma.
The pathology results from the decedent's June 2011 surgery led to some confusion over the decedent's true condition. At that point in time, it was believed that Tenner and his staff had inadvertently switched the decedent's February 2011 biopsy samples with those of another patient, which resulted in the decedent's misdiagnosis for adenocarcinoma, rather than a GIST. Thus, in August 2011, Tenner collected a DNA sample from the decedent. This was the last contact that Tenner had with the decedent. A comparison of the decedent's DNA to DNA from the February 2011 biopsy showed that the two samples were a match, and effectively confirmed that Tenner's February 2011 adenocarcinoma diagnosis was correct. Significantly, however, during the decedent's subsequent treatment with other physicians, he received treatment for a GIST only. In March 2012, [*2]a repeat endoscopy revealed that the decedent had adenocarcinoma, the same type of cancer which was originally diagnosed by Tenner in February 2011. While the decedent agreed to an additional chemotherapy regimen and a second surgical procedure, his condition did not improve, and the decedent ultimately died in November 2012.
In August 2013, the plaintiff, as administrator of the decedent's estate, commenced this action against, among others, Tenner, to recover damages for, among other things, medical malpractice and wrongful death. Following discovery, Tenner moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that since he correctly performed the endoscopy and biopsies in February 2011, correctly diagnosed the decedent's adenocarcinoma in February 2011, and properly resolved the purported error in the handling of the biopsy samples in August 2011, his conduct neither deviated from the standard of care nor proximately caused the decedent's injuries and death. In opposition, the plaintiff argued that Tenner departed from the standard of care by failing to obtain and review the results from the decedent's CAT scan prior to the February 2011 endoscopy, failing to perform an endoscopic ultrasound in February 2011, and failing to recommend or perform a repeat endoscopy in August 2011, and that these departures ultimately led to a delayed treatment of the decedent's adenocarcinoma. In an order dated August 21, 2019, the Supreme Court, among other things, denied Tenner's motion, finding that, in opposition to Tenner's prima facie showing, the plaintiff raised a triable issue of fact. Tenner appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Powell v Singh, 199 AD3d 946, 947 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries (see Joynes v Donatelli, 190 AD3d 845; Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945). "Once this showing has been made, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Mackauer v Parikh, 148 AD3d 873, 876 [internal quotation marks omitted]).
Here, the Supreme Court determined, and the parties do not dispute, that Tenner met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him.
Contrary to Tenner's contentions, however, the plaintiff raised a triable issue of fact, as the expert affidavit of the plaintiff's board-certified gastroenterologist contradicted the conclusion of the defendant's experts that Tenner did not depart from accepted standards of care and did not proximately cause the decedent's injury and death. At a minimum, the plaintiff's gastroenterology expert raised a triable issue of fact as to whether Tenner's alleged failure to perform an endoscopic ultrasound in February 2011 constituted a departure from the standard of care that proximately caused the decedent's injury and death. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (G.M.C. v O'Sullivan, 197 AD3d 1230, 1232 [internal quotation marks omitted]; see Cox v Herzog, 192 AD3d 757, 759; Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1040).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied Tenner's motion for summary judgment dismissing the complaint insofar as asserted against him.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court