Santiago v Abramovici (2024 NY Slip Op 01831)

Santiago v Abramovici

2024 NY Slip Op 01831

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2020-03701
 (Index No. 711369/17)

[*1]Michael Santiago, respondent, 
v
Bernard B. Abramovici, etc., appellant.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for appellant.
Abbott Bushlow & Schechner, LLP, Ridgewood, NY (Alan L. Bushlow of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated March 2, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 1998, the defendant, an internist, began serving as the plaintiff's primary care physician. In August 2014, the defendant had the plaintiff undergo a blood test, which revealed that the plaintiff's hemoglobin level was below the range deemed normal by the laboratory that analyzed the results. Tests conducted in subsequent months revealed that the plaintiff's hemoglobin level returned to levels that the laboratory deemed normal. In early 2015, the plaintiff began experiencing pain to his chest and back. On May 21, 2015, the plaintiff visited the defendant's office for the last time, complaining of severe back pain. A blood test conducted that day revealed that the plaintiff's hemoglobin level again decreased to a level below the laboratory's normal range and that he had an elevated immunoglobin G level, suggestive of multiple myeloma, but not diagnostic on its own. The following month, another physician referred the plaintiff for an MRI of the thoracic region of his spine, which revealed multiple vertebral compression fractures, even though the plaintiff had no history of trauma. In response to a directive from that physician, the plaintiff presented to a hospital and underwent spinal surgery on July 9, 2015. While in the hospital, the plaintiff underwent testing to determine the cause of the fractures, resulting in a diagnosis of multiple myeloma by an oncologist. He received chemotherapy in the hospital and, following his discharge therefrom, underwent radiation and stem cell treatment. In 2017, the plaintiff went into remission.
In August 2017, the plaintiff commenced this action against the defendant, asserting a cause of action to recover damages for medical malpractice. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, relying upon the opinions of two experts, an internist and a hematologist-oncologist. The plaintiff opposed the motion, submitting affirmations from experts in the same areas of medicine. By order dated March 2, 2020, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries. If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof. Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860 [citations omitted]).
Here, the Supreme Court, in effect, determined, and the parties do not dispute, that the defendant met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the complaint (see Ziemendorf v Chi, 207 AD3d 1157, 1157-1158; Washington-Tatum v City of New York, 205 AD3d 976, 978; Buch v Tenner, 204 AD3d 635, 638). Contrary to the defendant's contention, however, the plaintiff raised triable issues of fact in opposition. Under the circumstances of this case, the affirmations of the plaintiff's experts were sufficient to raise triable issues of fact as to whether the defendant deviated from good and accepted medical practice in a manner that led to a delayed diagnosis of the plaintiff's multiple myeloma and whether the delayed diagnosis proximately caused the plaintiff's claimed injuries (see Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 860; Valenti v Gadomski, 203 AD3d 783, 785; Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 545-546).
Accordingly, the Supreme Court correctly denied the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court