Donohue v Grossman (2024 NY Slip Op 06595)

Donohue v Grossman

2024 NY Slip Op 06595

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2019-09671
 (Index No. 604619/17)

[*1]Robert Donohue, et al., appellants,
v
Seth A. Grossman, etc., et al., respondents, et al., defendant.

Joseph R. Bongiorno & Associates, P.C., Mineola, NY (Donald N. Rizzuto of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Lisa M. Landers and Robert A. Lifson of counsel), for respondent Seth A. Grossman.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondent Mercy Medical Center.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered July 12, 2019. The order granted the separate motions of the defendants Seth A. Grossman and Mercy Medical Center for summary judgment dismissing the complaint insofar as asserted as against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Mercy Medical Center for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that defendant's motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs, payable by the defendant Mercy Medical Center, and one bill of costs to the defendant Seth A. Grossman, payable by the plaintiffs.
In May 2017, the plaintiff Robert Donohue (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against the defendants Seth A. Grossman and Mercy Medical Center (hereinafter Mercy and, together with Grossman, the defendants) and another defendant. According to the plaintiffs, on November 21, 2014, at a hospital, Grossman performed spinal surgery on the injured plaintiff, who was thereafter discharged to Mercy for inpatient rehabilitation. The plaintiffs alleged that the defendants each departed from accepted standards of medical practice in their postsurgical treatment of the injured plaintiff. For example, the plaintiffs alleged, among other things, that Mercy's staff and Grossman failed to adequately monitor and treat a surgical wound and that Mercy's staff, in particular, prematurely and improperly removed surgical sutures and ignored issues that developed thereafter. The plaintiffs alleged that, as a result of the defendants' negligence, the injured plaintiff suffered wound dehiscence, requiring an irrigation and debridement procedure with complex wound closure, among other injuries. Following the completion of discovery, Grossman and Mercy [*2]separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs opposed. By order entered July 12, 2019, the Supreme Court granted the separate motions. The plaintiffs appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Santiago v Abramovici, 226 AD3d 720, 721 [internal quotation marks omitted]). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]). "If the defendant meets this burden, the plaintiff, in opposition, must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden, including by rebutting the specific assertions of the defendant's expert" (Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836 [citation, alterations and internal quotation marks omitted]). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860).
Here, in support of their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, Mercy and Grossman submitted an affirmation and an affidavit of their respective experts, who opined, inter alia, that the defendants did not depart from the applicable standards of care in their treatment of the injured plaintiff and that their treatment did not proximately cause the alleged injuries. The Supreme Court determined, and the parties do not dispute, that the defendants each met their respective prima facie burdens of establishing their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them (see Santiago v Abramovici, 226 AD3d at 721; Buch v Tenner, 204 AD3d 635, 637-638).
In opposition to Mercy's motion for summary judgment, however, the plaintiffs raised triable issues of fact by submitting, among other things, the affirmation of their expert (see Feng Xie v New York City Health & Hosps. Corp., 226 AD3d 751, 752; Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 451-452). Specifically, the plaintiffs' expert, inter alia, raised triable issues of fact as to whether Mercy, through its staff, failed to properly monitor and treat the injured plaintiff's surgical wound, including by prematurely removing the surgical sutures, and whether these purported departures from the standard of care proximately caused the wound dehiscence and resulting surgical procedure. Contrary to Mercy's contention, the plaintiffs' expert established that her qualifications were sufficient to render an opinion as to the propriety of the wound care provided to the injured plaintiff (see Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d at 452; Elstein v Hammer, 192 AD3d 1075, 1078). Moreover, contrary to Mercy's further contention, the opinion of the plaintiffs' expert that Mercy's staff failed to recognize signs of an infection or conduct adequate testing and treatment relating thereto was not, under the circumstances presented, a new theory of liability improperly asserted for the first time in opposition to Mercy's motion for summary judgment, but instead "merely expounded upon the allegations in the bill of particulars" (Cox v Herzog, 192 AD3d 757, 759; see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 635). This conclusion is supported by the fact that Mercy's expert, in his affirmation, addressed the importance of recognizing the signs and symptoms of infections when rendering wound care, including with regard to the timing of suture removal, and whether any evidence of infection existed here, among other related topics (see Schwartzberg v Huntington Hosp., 163 AD3d 736, 738).
Accordingly, the Supreme Court should have denied Mercy's motion for summary judgment dismissing the complaint insofar as asserted against it.
However, the plaintiffs failed to raise a triable issue of fact in opposition to Grossman's prima facie showing of his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Campbell v Ditmas Park Rehabilitation & Care Ctr., [*3]LLC, 225 AD3d at 837; Smith v Mollica, 158 AD3d 656, 658). In particular, in response to the opinion of Grossman's expert, among other things, that Grossman adhered to the standard of care by issuing appropriate discharge instructions regarding wound care and directing the injured plaintiff to follow up with him one week after the surgery and that the injured plaintiff's failure to do so prevented Grossman from evaluating the condition of the surgical wound, the plaintiffs' expert failed to raise a triable issue of fact (see Grenyion v Mid-Hudson Comprehensive, 205 AD3d 610, 612; Bendel v Rajpal, 101 AD3d 662, 664).
Accordingly, the Supreme Court properly granted Grossman's motion for summary judgment dismissing the complaint insofar as asserted against him.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court