Vanbortel v Wayne County Nursing Home (2025 NY Slip Op 00594)

Vanbortel v Wayne County Nursing Home

2025 NY Slip Op 00594

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

935 CA 24-00265

[*1]DIANE VANBORTEL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MARGARET MONTEMARANO, DECEASED, PLAINTIFF-APPELLANT,
v
WAYNE COUNTY NURSING HOME, WAYNE COUNTY, DENIS VINNIK, DEFENDANTS-RESPONDENTS, AND ARUN NAGPAUL, M.D., DEFENDANT. 

FINN LAW OFFICES, ALBANY (RYAN M. FINN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BROWN, GRUTTADARO & PRATO, LLC, ROCHESTER (DARA R. PAVIA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Wayne County (Richard M. Healy, A.J.), entered July 27, 2023. The order granted the cross-motion of defendants Wayne County Nursing Home, Wayne County, and Denis Vinnik for summary judgment dismissing the complaint and cross-claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice and wrongful death action seeking damages for injuries sustained by Margaret Montemarano (decedent) while a resident at defendant Wayne County Nursing Home (Nursing Home). The Nursing Home, Wayne County, and Denis Vinnik (defendants) cross-moved for summary judgment dismissing the complaint and cross-claims against them. Supreme Court granted the cross-motion. Plaintiff appeals, and we now affirm.
Decedent, who was 94 years old at the time, fell at her home and was admitted to a hospital on December 19, 2016, with a left distal femur fracture and a small bowel obstruction. She had a medical history of, inter alia, colon cancer, kidney stones, bladder cancer, anemia, pancreatitis, chronic diarrhea, hypertension, and urinary tract infection (UTI). Decedent was transferred to the Nursing Home on January 18, 2017, for continued rehabilitation. Upon admission, she was assessed with three stage II pressure ulcers on her left ischium. On February 27, 2017, she was transferred to another hospital for a blood transfusion and was treated for a UTI and a large (stage IV) sacral decubitus ulcer. Decedent's health continued to decline and she died in May 2017. The cause of death given on the death certificate was respiratory failure due to large sacral decubitus ulcer with osteomyelitis. A significant condition contributing to her death was colon cancer with chronic diarrhea.
We conclude that defendants met their initial burden of establishing as a matter of law that they did not depart from good and accepted medical practice or that any alleged departure did not proximately cause plaintiff's injuries (see generally Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]; Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]). In particular, defendants established that the wound care they provided was appropriate, but that, due to decedent's depleted state and chronic conditions, the pressure ulcers did not improve with appropriate conventional treatments (see Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 450-451 [2d Dept 2021]).
We further conclude that, in opposition to the cross-motion, plaintiff failed to raise a triable issue of fact. Plaintiff proffered the expert opinion of a registered nurse who was a nursing supervisor in the long-term care field. Even assuming, arguendo, that the expert was qualified to render an opinion with respect to the relevant standards of wound care (see Shattuck v Anain, 174 AD3d 1339, 1340 [4th Dept 2019]) and that her opinion was sufficient to establish that defendants departed from good and accepted medical practice and was not merely conclusory in that respect (cf. Rybek v New York City Health & Hosps. Corp., 228 AD3d 968, 969 [2d Dept 2024]), we conclude that it was insufficient to raise a triable issue of fact on causation. The nurse lacked the qualifications to render an opinion whether any deviation from the relevant standard of care was a proximate cause of the injuries (see Boltyansky v New York Community Hosp., 175 AD3d 1478, 1479 [2d Dept 2019]; Vargas v St. Barnabas Hosp., 168 AD3d 596, 597 [1st Dept 2019]; see also Shattuck, 174 AD3d at 1340). Moreover, the expert did not dispute the opinions of defendants' experts that, due to decedent's comorbidities, the pressure ulcers would not heal (see Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001 [2d Dept 2016]; cf. Pichardo v St. Barnabas Nursing Home, Inc., 134 AD3d 421, 424-425 [1st Dept 2015]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court