| **Jampolskaya v Genis** |
|:---:|
| 2025 NY Slip Op 35181(U) |
| December 16, 2025 |
| Supreme Court, Kiings County |
| Docket Number: Index No. 511629/2017 |
| Judge: Patria Frias-Colon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                    Part 80
HON. PATRIA FRIAS-COLÓN, J.S.C.

-------------------------------------------------------------------------X

Ella Jampolskaya,

                       PLAINTIFF,

           -against-

Ilona Genis, M.D., Svetlana A. Khandros, M.D.,
Mark Harooni, M.D., Dov Shmukler, M.D.,

                     DEFENDANTS.

-------------------------------------------------------------------------X

Index # 511629/2017
Cal. #s 5-8  Mot. Seq. # 33-36

**DECISION/ORDER**

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc. #s 726-745, 804 by Def. Dr. Khandros
NYSCEF Doc. #s 746-770, 805 by Def. Dr. Harooni
NYSCEF Doc. #s 772-790 by Def. Dr. Genis
NYSCEF Doc. #s 801-803 by Plaintiff

Upon the foregoing cited papers and after considering oral argument on October 7, 2025, pursuant to CPLR § 3212, the motions for summary judgment of Defendants Svetlana A. Khandros, M.D., (Motion Sequence #33), Mark Harooni, M.D., (Motion Sequence #34), and Ilona Genis, M.D., (Motion Sequence #35) are GRANTED without written opposition. Plaintiff's motion seeking an extension of time to file opposition to defendants' motions for summary judgment (Motion Sequence #36) is DENIED.

**BACKGROUND**

On June 13, 2017, Plaintiff commenced this action claiming medical malpractice, negligent hiring and supervision, and lack of informed consent arising from an ophthalmologic treatment.[1] Plaintiff alleges that on or about March 29, 2016, she sought medical treatment from ophthalmologist Dr. Genis, with complaints of blurred vision and gradual vision loss. Dr. Genis referred Plaintiff to Dr. Harooni for further evaluation.[2] Between April and May 2016, Plaintiff continued treatment with Dr. Genis and Dr. Harooni given continue deteriorating vision.[3] On May 31, 2016, Dr. Harooni prescribed a Pars Plana Vitectomy with a possible lensectomy on June 1, 2016, but indicated that prior to undergoing surgery, Plaintiff must be medically cleared.[4] On June 1, 2016, Dr. Khandros performed an Electrocardiogram (EKG), indicating an abnormality. Thereafter, Dr. Khandros referred Plaintiff to cardiologist Dr. Dov Shmukler. On June 3, 2016, Dr. Khandros medically cleared Plaintiff for surgery. On June 8, 2016, Dr. Harooni performed surgery to plaintiff's right eye. However, on June 13, 2016, Plaintiff returned to Dr. Harooni for a follow-up appointment and reported that her vision condition worsened.

---

[1] NYSCEF Doc. # 1.
[2] NYSCEF Doc. # 745.
[3] *Id.*
[4] *Id.*

1

[* 1]

Following the filing of the Note of Issue on April 24, 2025,[5] Defendants Dr. Khandros, Dr. Harooni and Dr. Genis timely filed their motions for summary judgment respectively on June 19, 20 and 23, 2025, respectively.[6] Defendants' noticed motion return dates were July 29, August 6, and September 9, 2025. The Court administratively adjourned the return date for Dr. Harooni's and Dr. Khandros' motions to September 2, 2025, and Dr. Genis' return date to September 23, 2025. Pursuant to CPLR § 2214(b), Plaintiff's Oppositions to these motions were due on or before August 26, 2025, and September 16, 2025.

On September 2, 2025, all parties appeared for oral arguments on Dr. Harooni's and Dr. Khandros' Motions for Summary Judgment. Plaintiff failed to submit opposition papers and did not request an adjournment prior to the return dates. At oral argument on September 2, 2025, Plaintiff sought an adjournment citing difficulties obtaining an expert affirmation. Plaintiff's expert had only been retained in August 2025, more than seven years after the commencement of this action and after the initial return dates of the motions by Defendants. Over Defendants' objections, Plaintiff's adjournment request was granted, setting September 23, 2025 as the deadline for Plaintiff's opposition, and October 7, 2025 for oral argument. The Court also instructed all counsel this would be a final adjournment.

On September 15, 2025, Plaintiff filed a motion seeking another adjournment (Motion Sequence # 36) of the instant Motion Sequence #s 33-35 asserting the opposition deadline coincided with a religious holiday and their expert was unavailable.[7] On September 19 and 22, 2025, Defendants Dr. Khandros and Dr. Harooni filed their opposition to Plaintiff's motion.[8]

**STANDARD OF REVIEW**

Summary judgment is a drastic remedy that deprives a litigant of the opportunity to present their case at trial and should only be granted where there is no genuine issue of material fact. *Bonaventura v. Galpin*, 119 A.D.3d 625, 625 (2d Dept. 2014). The Court's role on such a motion is not to resolve factual disputes or assess credibility, but solely to determine whether triable issues exist. *See Stukas v. Streiter*, 83 A.D.3d 18, 23 (2d Dept. 2011). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Pearson v. Dix McBride, LLC*, 63 A.D.3d 895, 895 (2d Dept. 2009).

On a motion for summary judgment in a medical malpractice action, the defendant bears the initial burden of establishing either no departure from accepted medical practice or that any departure was not the proximate cause of the plaintiff's injury. *Dye v. Okon*, 203 A.D.3d 702, 703 (2d Dept. 2022). If the defendant meets this burden, the plaintiff must submit competent medical evidence to raise a triable issue of fact. *Cerrone v. N. Shore-Long Is. Jewish Health Sys., Inc.*, 197 A.D.3d 449, 450 (2d Dept. 2021). Where the parties submit conflicting expert opinions, summary

---

[5] NYSCEF Doc. # 725.
[6] NYSCEF Doc. #s 726-745 (Dr. Khandros' Motion Sequence #33); 746-770 (Dr. Harooni's Motion Sequence #34); NYSCEF Doc #s 772-790 (Dr. Genis' Motion Sequence #35).
[7] NYSCEF Doc. # 802.
[8] NYSCEF Doc. # 804 (Defendant Dr. Khandros' Sept. 19, 2025 opposition); NYSCEF Doc. # 805 (Defendant Dr. Harooni's Sept. 22, 2025 opposition).

2

[* 2]

judgment is inappropriate, as such credibility issues must be resolved by a jury. *Gupta v. Lescale*, 224 A.D.3d 668, 669 (2d Dept. 2024).

Medical malpractice is a negligent act or omission by a healthcare provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient. *See Butler v. Wyckoff Heights Med. Ctr.*, 233 A.D.3d 745, 747 (2d Dept. 2024). To prevail on a medical malpractice claim, a plaintiff must establish:

(1) a deviation or departure from accepted medical practice; and
(2) that such departure was a proximate cause of the injury.

*See Mendoza v. Maimonides Med. Ctr.*, 203 A.D.3d 715, 716 (2d Dept. 2022).

To establish a cause of action for lack of informed consent, a plaintiff must show:

(1) the provider failed to disclose alternatives and reasonably foreseeable risks that a reasonable practitioner would have disclosed;
(2) a reasonably prudent patient in the same position would not have undergone the treatment if fully informed, and
(3) the lack of informed consent is a proximate cause of the injury.

*Cox v. Herzog*, 192 A.D.3d 757, 758 (2d Dept. 2021).

Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training. *Saretto v. Panos*, 120 A.D.3d 786, 788 (2d. Dept. 2014). Accordingly, where an employee acts outside the scope of employment, an employer may only be held liable for negligent hiring and supervision if "the employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Guarino v. ProHEALTH Care Assc., LLP*, 219 A.D.3d 467, 519 (2d Dept. 2023).

**DISCUSSION**

Defendants submitted detailed expert affirmations establishing compliance with accepted standards of care, absence of causation, and proper informed consent. Defendant Dr. Genis, Dr. Khandros, and Dr. Harooni, established *prima facie* entitlement to summary judgment through submission of detailed expert affirmations from a board-certified ophthalmologist,[9] a board-certified internist,[10] and a board-certified ophthalmologist (specializing in retina).[11] These experts addressed each of plaintiff's allegations and concluded that there were no deviations from the accepted standards of care and no causal connection between the alleged malpractice and injury. Moreover, informed consent was properly obtained prior to each procedure at issue. Thus, the

---

[9] NYSCEF Doc. # 774.
[10] NYSCEF Doc. # 727.
[11] NYSCEF Doc. # 748.

3

[* 3]

burden shifts to plaintiff. *See Cerrone*, 197 A.D.3d at 450. These submissions satisfy Defendants' prima facie burden.

Plaintiff failed to submit any opposition papers despite multiple extensions and opportunities. Instead, Plaintiff moved for another extension of time to file opposition, again citing difficulties with securing a signed affidavit from Plaintiff's expert.[12] Plaintiff failed to provide a reasonable excuse for not acquiring Plaintiff's expert's signed affirmation during the period beginning in August 2025, when Plaintiff's expert was retained, and September 23, 2025, the return date of Plaintiff's opposition. The Court finds Plaintiff's explanation insufficient to constitute good cause, particularly given the extended timeline and prior warnings that no further adjournments would be granted. Accordingly, Defendants have each met their burden and Plaintiff has not raised any triable issue of fact. Therefore, Defendants are entitled to judgment as a matter of law. *See Cerrone*, 197 A.D.3d at 450.

**CONCLUSION**

Accordingly, the motions for summary judgment by Defendants Svetlana A. Khandros, M.D., (Motion Sequence #33), Mark Harooni, M.D., (Motion Sequence #34), and Ilona Genis, M.D., (Motion Sequence #35) are granted. Plaintiff's motion seeking an extension of time to file opposition (Motion Sequence #36) is denied.

This constitutes the Decision and Order of this Court, which disposes of the action in its entirety.

Date: December 16, 2025
Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

---

[12] NYSCEF Doc. # 802.

4

[* 4]