Stewart v North Shore Univ. Hosp. at Syosset (2022 NY Slip Op 02447)

Stewart v North Shore Univ. Hosp. at Syosset

2022 NY Slip Op 02447

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-04626
 (Index No. 17169/10)

[*1]Amanda Stewart, etc., respondent, 
v
North Shore University Hospital at Syosset, et al., defendants, Ian Newmark, etc., et al., appellants.

Bartlett LLP, Mineola, NY (Robert G. Vizza of counsel), for appellant Ian Newmark.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for appellant Eugene S. Pretorius.
Chesney & Nicholas, LLP, Syosset, NY (Stephen V. Morello of counsel), for appellants Mark Nyitray and Mark Nyitray, D.O., PLLC.
The Selvin Law Firm, PLLC, Seaford, NY (Jared M. Selvin and Sabrina E. Taub of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Mark Nyitray and Mark Nyitray, D.O., PLLC, the defendant Ian Newmark, and the defendant Eugene S. Pretorius separately appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 1, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to renew her opposition to the separate prior motions of the defendants Mark Nyitray and Mark Nyitray, D.O., PLLC, the defendant Ian Newmark, and the defendant Eugene S. Pretorius for summary judgment dismissing the amended complaint insofar as asserted against each of them, which had been granted in an order of the same court (Daniel Martin, J.) dated September 21, 2016, and, upon renewal, in effect, vacated so much of the order dated September 21, 2016, as granted those branches of those defendants' prior motions which were for summary judgment dismissing the first through third causes of action insofar as asserted against each them, and thereupon denied those branches of those defendants' prior motions.
ORDERED that the order dated February 1, 2018, is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellants appearing separately and filing separate briefs.
The plaintiff alleges that the appellants were negligent in their care and treatment of the plaintiff's deceased father, Lawrence Sokolowski (hereinafter the decedent), in that they failed to timely diagnose and prevent the spread of lung cancer, which resulted in his premature death. The amended complaint included four causes of action: the first and second causes of action alleged medical malpractice, the third cause of action alleged wrongful death, and the fourth cause of action alleged lack of informed consent.
The appellants separately moved for summary judgment dismissing the amended [*2]complaint insofar as asserted against each of them. In opposition, the plaintiff submitted, inter alia, redacted affirmations from a pulmonology/internal medicine expert and a radiology expert. By order dated September 21, 2016, the Supreme Court granted the appellants' motions because the plaintiff had failed to submit unredacted expert affirmations to the court.
The plaintiff thereafter moved, inter alia, for leave to renew her opposition to the appellants' prior motions for summary judgment. The plaintiff requested permission to submit to the court, for in camera review, the unredacted affirmations of her medical experts, nunc pro tunc. Each of the appellants opposed the plaintiff's motion.
In the order appealed from, dated February 1, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to renew her opposition to the appellants' prior motions for summary judgment, and, upon renewal, in effect, vacated so much of the September 21, 2016 order as granted those branches of the appellants' prior motions which were for summary judgment dismissing the first through third causes of action insofar as asserted against each of them, and thereupon denied those branches of the appellants' prior motions. The court determined that the plaintiff's submissions in opposition raised triable issues of fact as to whether the appellants departed from acceptable medical practice in their care and treatment of the decedent and whether their alleged failure to timely diagnose lung cancer caused his injuries and subsequent death.
Contrary to the appellants' contentions, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting leave to renew and, upon renewal, in considering the plaintiff's unredacted expert affirmations in opposition to the appellants' motions for summary judgment (see Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 972).
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1150). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (see Feinberg v Feit, 23 AD3d 517, 519).
Here, the appellants each established their prima facie entitlement to judgment as a matter of law dismissing the first through third causes of action insofar as asserted against each of them through, among other things, the affirmations of their experts, who opined that, based upon the review of, inter alia, the medical records, the deposition testimony, and the pleadings, the appellants did not depart from accepted medical practice in failing to timely diagnose the decedent's lung cancer and that, in any event, the treatment and care rendered by them was not a proximate cause of the decedent's death (see Russell v Garafalo, 189 AD3d 1100, 1101-1102).
In opposition, however, the plaintiff raised triable issues of fact as to whether the appellants failed to take steps that would have led to an earlier diagnosis of lung cancer (see Feinberg v Feit, 23 AD3d at 519). "When experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution" (Russell v Garafolo, 189 AD3d at 1102 [internal quotation marks omitted]). Accordingly, upon renewal, the Supreme Court properly denied those branches of the appellants' prior motions which were for summary judgment dismissing the first through third causes of action insofar as asserted against each of them.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court