Alao v Richmond Univ. Med. Ctr. (2023 NY Slip Op 00644)

Alao v Richmond Univ. Med. Ctr.

2023 NY Slip Op 00644

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2019-14391 
2019-14670
 (Index No. 150450/14)

[*1]Pamela Alao, etc., respondent, 
v
Richmond University Medical Center, et al., defendants, Akella Chendrasekhar, etc., et al., appellants.

Vaslas Lepowsky Hauss & Danke LLP, Staten Island, NY (Paul J. Danke, Jr., of counsel), for appellant Akella Chendrasekhar.
Gerspach Sikoscow LLP, New York, NY (Thomas J. Gerspach, Kristen J. Halford, and Ryan Gerspach of counsel), for appellant Edwin M. Chang.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim and Shira Goldman Moyal of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, (1) the defendant Edwin M. Chang appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated December 5, 2019, and (2) the defendant Akella Chendrasekhar appeals from an order of the same court dated December 6, 2019. The order dated December 5, 2019, insofar as appealed from, denied those branches of the motion of the defendant Edwin M. Chang which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against him. The order dated December 6, 2019, insofar as appealed from, denied those branches of the motion of the defendants Akella Chendrasekhar and Michael Mantello which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against the defendant Akella Chendrasekhar.
ORDERED that the order dated December 5, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 6, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 30, 2013, the plaintiff's decedent presented to the emergency room at the defendant Richmond University Medical Center (hereinafter RUMC) with head injuries after having been assaulted. On May 6, 2013, the decedent died at RUMC. In 2014, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, the defendants Akella Chendrasekhar and Edwin M. Chang, physicians who treated the [*2]decedent at RUMC. The plaintiff alleged, among other things, that the defendants failed to timely treat the decedent's coagulopathy, which led to his death. Chendrasekhar and the defendant Michael Mantello moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against Chendrasekhar. Chang separately moved for summary judgment dismissing the amended complaint insofar as asserted against him. In an order dated December 5, 2019, the Supreme Court, among other things, denied those branches of Chang's motion which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against him. In an order dated December 6, 2019, the court, inter alia, denied those branches of the motion of Chendrasekhar and Mantello which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against Chendrasekhar. Chang and Chendrasekhar separately appeal.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Hayden v Gordon, 91 AD3d 819, 820 [internal quotation marks omitted]). "On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860). Once a defendant makes a prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact" as to the elements on which the defendant met the prima facie burden (Donnelly v Parikh, 150 AD3d 820, 822 [internal quotation marks omitted]).
Here, Chendrasekhar established his prima facie entitlement to judgment as a matter of law by submitting an expert affirmation from Carina G. Biggs, a critical care surgeon, who opined that Chendrasekhar at all times rendered appropriate care, and that the decedent's death was caused by the "natural and inevitable progression" of traumatic brain injury (see Pirri-Logan v Pearl, 192 AD3d 1149, 1151). However, in opposition, the plaintiff's submission of an expert affirmation from Ronald A. Paynter raised triable issues of fact as to whether the care rendered by Chendrasekhar departed from the accepted standard of medical care and whether the alleged departures proximately caused the decedent's death (see Pezulich v Grecco, 206 AD3d 827; Murray v Central Is. Healthcare, 205 AD3d 1036, 1037; Buch v Tenner, 204 AD3d 635, 637). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions," and "[s]uch credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519; see Pezulich v Grecco, 206 AD3d at 829).
Contrary to Chendrasekhar's contention, Paynter, a board-certified emergency medicine physician, was qualified to opine on the treatment provided by Chendrasekhar, a critical care specialist. A medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, but the witness should be possessed of the requisite skill, training, education, knowledge, or experience from which it can be assumed that the opinion rendered is reliable (see Pezulich v Grecco, 206 AD3d at 830; Montanari v Lorber, 200 AD3d 676, 678-679; Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 451). Here, Paynter laid an adequate foundation supporting the reliability of his opinion based on his clinical experience and familiarity with the applicable standards of care (see Hiltz v DiLorenzo, 206 AD3d 631, 634; Maestri v Pasha, 198 AD3d 632, 634-635).
Further, contrary to Chendrasekhar's contention, the plaintiff did not improperly present a new theory of liability for the first time in opposition to the motion. Rather, Paynter's opinion that Chendrasekhar departed from the accepted standard of care by failing to administer fresh frozen plasma treatment to the decedent based upon proper dosage guidelines and frequencies, without the benefit of a hematology consult, merely expounded upon allegations in the bill of particulars and supplemental bill of particulars (see Maestri v Pasha, 198 AD3d at 635; Cox v Herzog, 192 AD3d 757, 759; Mehtvin v Ravi, 180 AD3d 661, 663).
Accordingly, the Supreme Court properly denied those branches of the motion of Chendrasekhar and Mantello which were for summary judgment dismissing the medical malpractice [*3]and wrongful death causes of action insofar as asserted against Chendrasekhar.
Chang established his prima facie entitlement to judgment as a matter of law by submitting an expert affirmation from neurosurgeon George DiGiacinto, who opined that Chang rendered appropriate care to the decedent, and that there was "nothing Dr. Chang could have done to alter the outcome" after the assault on the decedent "set into motion a sequence of . . . inevitable events" (see Pirri-Logan v Pearl, 192 AD3d at 1151). However, in opposition, the plaintiff's submission of an expert affidavit from neurosurgeon Stephen M. Bloomfield raised triable issues of fact as to whether the care rendered by Chang departed from the accepted standard of medical care and whether the alleged departures proximately caused the decedent's death (see Shirley v Falkovsky, 207 AD3d 679, 681; Pezulich v Grecco, 206 AD3d at 830).
Contrary to Chang's contention, the plaintiff did not improperly raise a new theory of liability for the first time in opposition to Chang's motion for summary judgment. Rather, Bloomfield's opinion that Chang departed from the accepted standard of care by failing to perform a decompressive craniectomy to reduce the decedent's intracranial pressure merely expounded upon allegations in the bill of particulars and supplemental bill of particulars (see Maestri v Pasha, 198 AD3d at 635; Cox v Herzog, 192 AD3d at 759; Mehtvin v Ravi, 180 AD3d at 663).
Accordingly, the Supreme Court properly denied those branches of Chang's motion which were for summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as asserted against him.
Chendrasekhar's and Chang's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court