Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care (2023 NY Slip Op 02671)

Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care

2023 NY Slip Op 02671

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07081
 (Index No. 10446/13)

[*1]Anzhelika Nisevich, etc., appellant, 
v
Shorefront Center for Rehabilitation and Nursing Care, respondent, et al., defendant.

Efrom J. Gross, West Hempstead, NY (Michael Dachs of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated January 15, 2020. The order, insofar as appealed from, granted the motion of the defendant Shorefront Center for Rehabilitation and Nursing Care for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff's decedent was admitted to the defendant Shorefront Center for Rehabilitation and Nursing Care (hereinafter Shorefront), in whose care he remained until his death on August 28, 2011. The nursing notes from the evening of his death indicate that the decedent was observed to have an intermittent non-productive cough, which progressed to increased congestion and vomiting. Despite treatment with suction and oxygen via a nasal cannula, within approximately 45 minutes of the initial coughing, the decedent was observed to have no pulse or respiration. At that point, Shorefront's staff provided no further care in accordance with a "do not resuscitate" protocol.
The plaintiff commenced this action against Shorefront, among others, inter alia, to recover damages for medical malpractice, alleging that Shorefront ignored certain of the decedent's symptoms and failed to properly assess, diagnose, and treat the decedent's condition on the day of his death. Shorefront moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated January 15, 2020, the Supreme Court, among other things, granted the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries" (Rosenthal v Alexander, 180 AD3d 826, 827 [citation omitted]; see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 792-793). "If the defendant makes such a showing, [*2]the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). To do so, the plaintiff "must submit evidentiary facts or materials to rebut the prima facie showing by the defendant" (Alvarez v Prospect Hosp., 68 NY2d at 324; see Stukas v Streiter, 83 AD3d 18, 24). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant [medical provider's] summary judgment motion" (Alvarez v Prospect Hosp., 68 NY2d at 325; see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825-826).
Here, in support of its motion, Shorefront submitted the affirmation of a medical expert who opined that, based upon his review of, inter alia, the decedent's medical records and the pleadings, Shorefront did not depart from accepted medical practice in the treatment and care of the decedent on the day of his death, and that any alleged deviation was not the proximate cause of the decedent's death. The plaintiff does not dispute that Shorefront established its prima facie entitlement to judgment as a matter of law (see generally Frazier v Shteynberg, 208 AD3d 458, 459; Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 860).
Contrary to the plaintiff's contention, she failed to raise a triable issue of fact in opposition. The expert affirmation submitted in support of her opposition was conclusory, speculative, and unsupported by competent evidence tending to establish proximate causation (see Wijesinghe v Buena Vida Corp., 210 AD3d at 826; Palazzolo v Green, 189 AD3d 1056, 1059; Wagner v Parker, 172 AD3d 954, 955). Accordingly, the Supreme Court properly granted Shorefront's motion for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court