Persuad v Hassan (2023 NY Slip Op 05279)

Persuad v Hassan

2023 NY Slip Op 05279

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01572
 (Index No. 700688/17)

[*1]Sarujdai R. Persuad, etc., appellant, 
v
Syed Hassan, etc., et al., respondents.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for appellant.
Bartlett, LLP, Garden City, NY (Steven E. Snair of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered February 9, 2021. The judgment, upon an order of the same court dated January 29, 2021, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated January 29, 2021, is modified accordingly.
The plaintiff's decedent (hereinafter the decedent) was a patient at the practice of the defendant Syed Hassan, an internist and primary care provider. On September 8, 2015, the decedent died. An autopsy revealed that the decedent had atherosclerotic cardiovascular disease with severe stenosis of the left anterior descending artery.
The plaintiff, individually and as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. The plaintiff alleged that the defendants were negligent in failing to diagnose and treat the decedent's cardiac disease. The defendants moved for summary judgment dismissing the complaint. By order dated January 29, 2021, the Supreme Court granted the motion. The court found that the defendants established their prima facie entitlement to judgment as a matter of law with respect to both their alleged departure from the accepted standard of care and causation. The court further determined that, although the plaintiff raised a triable issue of fact with respect to the issue of whether the defendants departed from the accepted standard of care, he failed to raise a triable issue of fact with respect to the issue of causation. On February 9, 2021, the Supreme Court entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals, and we reverse.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716 [internal quotation marks omitted]). "On [*2]a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Dye v Okon, 203 AD3d 702, 703 [internal quotation marks omitted]). Where a defendant makes a prima facie showing as to both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]).
Contrary to the plaintiff's contention, the Supreme Court properly determined that the affirmation of the defendants' expert established, prima facie, that the treatment provided by the defendants was not a proximate cause of the decedent's alleged injuries (see Attia v Klebanov, 192 AD3d 650, 651-652). However, contrary to the court's determination, the affirmation of the plaintiff's expert, wherein the expert opined to a reasonable degree of medical certainty that the defendants' departures from accepted standards of medical care proximately caused the decedent to die prematurely on September 8, 2015, as a result of atherosclerotic cardiovascular disease, was sufficient to raise an issue of fact with respect to causation (see Tardio v Saleh, 193 AD3d 901, 903).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court