Fiszer v Gliwa (2024 NY Slip Op 00409)

Fiszer v Gliwa

2024 NY Slip Op 00409

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-00034
 (Index No. 510656/15)

[*1]Wieslawa Fiszer, etc., appellant, 
v
Agnieszka Gliwa, etc., et al., defendants, Shuja Qadir, etc., respondent.

Robert J. Epstein, New York, NY, for appellant.
Keller, O'Reilly & Watson, P.C., Woodbury, NY (Matthew McDonough and Anna M. Bonventure of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), entered December 4, 2019. The judgment, upon an order of the same court dated October 2, 2019, granting the motion of the defendant Shuja Qadir for summary judgment dismissing the complaint insofar as asserted against him, is in favor of the defendant Shuja Qadir and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is reversed, on the law, with costs, the motion of the defendant Shuja Qadir for summary judgment dismissing the complaint insofar as asserted against him is denied, the complaint insofar as asserted against that defendant is reinstated, and the order is modified accordingly.
The plaintiff is the wife of the decedent, who died in February 2014, and the administrator of his estate. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendant Shuja Qadir (hereinafter the defendant), a cardiologist who treated the decedent in February 2014. She alleged that the defendant was negligent in failing to diagnose and treat the decedent's heart condition and that such negligence caused the decedent's death.
In June 2018, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated October 2, 2019, the Supreme Court granted the motion. On December 4, 2019, the court entered a judgment upon that order in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
"'A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the [*2]plaintiff's injuries'" (Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d 981, 982, quoting Rosenthal v Alexander, 180 AD3d 826, 827; see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 792-793). "'If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof'" (Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d at 982, quoting Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "To do so, the plaintiff 'must submit evidentiary facts or materials to rebut the prima facie showing by the defendant'" (Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d at 982, quoting Alvarez v Prospect Hosp., 68 NY2d at 324; see Stukas v Streiter, 83 AD3d 18, 24). "Generally, '[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Guinn v New York Methodist Hosp., 212 AD3d 787, 788, quoting Russell v Garafalo, 189 AD3d 1100, 1101).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by submitting the affidavit of a medical expert who opined, inter alia, that, based upon his review of the decedent's medical records, the bill of particulars, and the deposition testimony of the defendant, the defendant did not depart from accepted medical practice in the treatment and care of the decedent (see Coffey v Mansouri, 209 AD3d 714, 716; Wagner v Parker, 172 AD3d 954, 955).
However, contrary to the determination of the Supreme Court, in opposition, the plaintiff submitted the affidavit of an expert physician whose opinion raised triable issues of fact as to whether the defendant's care and treatment of the decedent fell below accepted medical practice and whether such departure was a proximate cause of the decedent's death. Among other things, the plaintiff's expert averred that the electrocardiogram (hereinafter EKG) taken by the decedent's primary care physician and reviewed by the defendant on the same day as the decedent's first appointment with the defendant showed evidence of hyperacute T waves, which are indicative of an unstable angina. The plaintiff's expert opined that the defendant, who only scheduled a non-emergent echocardiogram and stress test to take place several weeks after the decedent's initial appointment, departed from the standard of care by failing to emergently perform diagnostic testing after reviewing this EKG. The plaintiff's expert further stated that the defendant departed from the accepted standard of care by failing to properly diagnose the decedent based upon his presentation of symptoms that were indicative of coronary artery syndrome. The plaintiff's expert concluded that the defendant's departures were a cause of, and contributing factors to, the decedent's death.
Given the conflicting expert affidavits, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
Accordingly, we reverse the judgment and deny the defendant's motion.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court