GEM Funding, LLC v Z-Rite Plumbing & Heating Corp. (2024 NY Slip Op 50171(U))

[*1]

GEM Funding, LLC v Z-Rite Plumbing & Heating Corp.

2024 NY Slip Op 50171(U)

Decided on February 20, 2024

Supreme Court, Suffolk County

Whelan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 20, 2024
Supreme Court, Suffolk County

GEM Funding, LLC, Plaintiff(s),

against
Z-Rite Plumbing & Heating Corp., KENNETH J. ZDANIO and SCOTT M. ZDANIO, Defendant(s).

Index No. 607708/2022

PLAINTIFF'S ATTORNEYS:
MEDOLLA LAW, PLLC
1407 BROADWAY, 29TH FLOOR
NEW YORK, NY 10018
DEFENDANTS' ATTORNEY:
MIKHAIL USHER, ESQ. 
1022 AVENUE P, 2ND FLOOR 
BROOKLYN, NY 11224

Thomas F. Whelan, J.

ORDERED that plaintiff''s motion (sequence no. 002) for summary judgment pursuant to CPLR § 3212 is granted.
This matter was instituted by the electronic filing of a summons and complaint on April 21, 2022. The complaint alleges causes of action sounding in breach of contract, breach of guarantee by the individual defendants, unjust enrichment, and conversion. Plaintiff seeks $49,260.00. plus fees, interest, costs and attorney's fees. The submissions reflect that on March 1, 2021 plaintiff and defendant entered into a purchase and sale agreement for Z-Rite's future receivables. Plaintiff alleges that on or about April 1, 2022, defendants stopped remitting its receipts to plaintiff which resulted in a default under the agreement.
Plaintiff is engaged in the purchase and sale of future receivables and sales proceeds between commercial entities. This business is sometimes referred to as a "merchant cash advance." On or about February 17, 2022 plaintiff executed a merchant cash advance agreement whereby plaintiff purchased future receipts from defendants having a face value of $56,800. for the sum of $40,000. The future receivables were to be remitted to plaintiff pursuant to a payment schedule set forth in the agreement. The defendants authorized plaintiff to make ACH withdrawals from an agreed upon bank account. The individual defendants, Kenneth J. Zdanio and Scott M. Zdanio, executed a personal guaranty of performance of all the obligations of the corporate defendant. Defendants agreed that in the event of a default under the agreement, the full uncollected future receivables plus all fees due under the agreement would become immediately due. Plaintiff paid the agreed upon purchase price of $40,000. Thereafter, and until April 1, 2022, defendants delivered to plaintiff its future receivables through the agreed upon ACH withdrawals, totaling $5,540, which left a remaining balance of $49,260. On or about April 1, 2022 defendants failed to deliver the future receivables and placed a stop payment on the bank account that they had previously authorized plaintiff to debit funds. Plaintiff now seeks summary judgment pursuant to CPLR § 3212, contending that defendants have breached the subject contract by defaulting on providing the future receivables and issuing a stop payment on the subject bank account.
In opposition, defendants assert there are serious and various issues of material fact precluding summary judgment. Specifically, defendants assert that plaintiff has failed to show the basis of the calculation of the monies owed, why plaintiff is entitled to additional fees, when the date of the alleged breach occurred, and what the payment history was between the plaintiff and defendants. Defendants further assert that the agreement was not an asset purchase agreement, but was an unlawful loan in violation of New York State's usury statute. Defendants submit that plaintiff has failed to include any evidence that plaintiff paid defendants $40,000. Defendants further submit that they believed they were signing an agreement as representatives of the corporation and would not be held personally liable.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering evidence in admissible form to eliminate any material issues of fact from the case (see Fiszer v. Gliwa, — NYS3d —, 2024 WL 350159, 2024 NY Slip Op. 00409; Alvarez v. Prospect Hosp., 68 NY2d 320, 508NYS2d 923 [1986]; Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851, 487 NYS2d 316 [1985]). The movant has the initial burden of proving entitlement to summary judgment (Winegrad v. New York Univ. Med. Ctr., supra). Failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers. Once such proof has been offered, the burden then shifts to the opposing party who must proffer evidence in admissible form and must show facts sufficient to require a trial of any issue of fact to defeat the motion for summary judgment (CPLR 3212[b]; Alvarez v. Prospect Hosp., supra; Zuckerman v. City of New York, 49 NY2d 557, 427 NYS2d 595 [1980]). 
Here, plaintiff has established its prima facie entitlement to summary judgment through the submission of the affidavit of Henry Gross, Managing Partner of GEM Funding LLC ("Gross"), the contract agreement, the transaction history, and blocked account information. The affidavit of Gross establishes that plaintiff executed an agreement whereby plaintiff purchased [*2]future receipts from defendants having a face value of $56,800. for $40,000. The affidavit further establishes that Kenneth J. Zdanio and Scott M. Zdanio executed a personal guaranty of performance of all obligations of the corporate defendant. The affidavit further establishes that plaintiff performed its obligations by paying the agreed upon purchase price of $40,000. and that defendants defaulted on the agreement, leaving a remaining balance of $49,260. due and owing pursuant to the agreement.
"Usury laws apply only to loans or forbearances, and not investments (G.O.L. § 5-501[1], [2]). If the transaction is not a loan, 'there can be no usury, however unconscionable the contract may be.' [Orvis v. Curtiss, 157 NY 657, 661]." (Seidel v. 18 E. 17th St. Owners, 79 NY2d 735, 744; 598 NE2d 7, 586 NYS2d 240 [1992]; see also Donatelli v. Siskind, 170 AD2d 433, 565 NYS2d 224 [2d Dept. 1991]). New York law includes a strong presumption against a finding of usury and requires it to be supported by clear and convincing evidence (Ujueta v. Euro-Quest Corp., 29 AD3d 895,814 NYS2d 551 [2d Dept. 2006]; Giventer v. Arnow, 37 NY2d 305, 333 NE2d 366, 372 NYS2d 63 [1975]).
New York courts have developed a three factor test to determine whether a merchant cash advance transaction should be considered a loan as opposed to a purchase of future receivables. Under this test, courts evaluate: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy (Principis Capital, LLC v. I Do, Inc., 201 AD3d 752, 160 NYS3d 325 [2d Dept. 2022]). Here, the plaintiff established that the transaction set forth in the agreement was not a loan. The terms of the agreement provided for adjustments to the monthly payments made by defendants to plaintiff based on changes in defendants' monthly sales. Accordingly, as the amount of the monthly payments could change, the term of the agreement was not finite. Moreover, no contractual provision existed establishing that a declaration of bankruptcy would constitute an event of default. Plaintiff has established its prima facie entitlement to summary judgment as a matter of law by demonstrating the existence of an agreement and breach, and defendants, in opposition, have failed to raise a triable issue of fact. Accordingly, plaintiff's motion for summary judgment is granted in its entirety. Plaintiff's submissions state, "'[i]n the event the Court requires an inquest as to an award of attorney's fees, [p]laintiff waives its right to same and requests that a judgment be entered without an award of attorney's fees." Accordingly, plaintiff is directed to submit a proposed judgment including the amount of the default, namely $56,910. with fees, interest, and costs, excluding attorney's fees, from April 1, 2022.
The foregoing constitutes the order of the court. Submit proposed judgment.
Date: February 20, 2024
Thomas F. Whelan, J.S.C.