Avgi v Policha (2024 NY Slip Op 05951)

Avgi v Policha

2024 NY Slip Op 05951

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-06312
2020-06648
 (Index No. 702090/18)

[*1]Nilli Avgi, et al., appellants, 
v
Aleksandra Policha, etc., et al., defendants, Philip Barie, etc., et al., respondents.

Daniella Levi & Associates, P.C., Fresh Meadows, NY (Steven L. Sonkin of counsel), for appellants.
Martin Clearwater & Bell, LLP, New York, NY (Barbara D. Goldberg, Peter T. Crean, and Alexander C. Cooper of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered August 3, 2020, and (2) a judgment of the same court entered August 13, 2020. The order granted the motion of the defendants Philip Barie, Simon Tiu, Darren Schneider, and New York Presbyterian Weill Cornell Medical Center for summary judgment dismissing the complaint insofar as asserted against them. The judgment, upon the order, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Nilli Avgi (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against the defendants Philip Barie, Simon Tiu, Darren Schneider, and New York Presbyterian Weill Cornell Medical Center (hereinafter the hospital and, collectively with Barie, Tiu, and Schneider, the defendants), among others. The plaintiffs alleged, among other things, that Barie, Tiu, and Schneider failed to diagnose the injured plaintiff and to treat her for compartment syndrome in her left leg upon her admission to the hospital on the evening of February 11, 2017, or, at the latest, the next day, resulting in the injured plaintiff's injuries. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered August 3, 2020, the Supreme [*2]Court granted the defendants' motion. Subsequently, a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint insofar as asserted against the defendants. The plaintiffs appeal.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Persuad v Hassan, 220 AD3d 895, 896 [internal quotation marks omitted]; see Murray v Central Is. Healthcare, 205 AD3d 1036, 1037). "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Daniels v Pisarenko, 222 AD3d 831, 832, quoting Attia v Klebanov, 192 AD3d 650, 651). "Once the defendant makes its prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (id., quoting Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Murray v Central Is. Healthcare, 205 AD3d at 1037). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150; see Daniels v Pisarenko, 222 AD3d at 833; Murray v Central Is. Healthcare, 205 AD3d at 1037).
"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716 [internal quotation marks omitted]; see Palmeiro v Luchs, 202 AD3d 989, 991). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] summary judgment motion" (Daniels v Pisarenko, 222 AD3d at 832-833 [internal quotation marks omitted]; see Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d 981, 982). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Daniels v Pisarenko, 222 AD3d at 833, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Here, the defendants established, prima facie, that they were entitled to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting, among other things, the injured plaintiff's medical records, a transcript of Schneider's deposition testimony, and an expert affirmation of a board-certified vascular surgeon. The defendants' expert opined that the defendants did not deviate from accepted medical practice in the treatment and care of the injured plaintiff and that any deviation was not a proximate cause of the injured plaintiff's injuries (see Daniels v Pisarenko, 222 AD3d at 833; Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d at 983; Maestri v Pasha, 198 AD3d 632, 634). In opposition, the evidence submitted by the plaintiffs, including the expert affirmation of a board-certified vascular surgeon, failed to raise a triable issue of fact. The plaintiffs' expert's opinions that the defendants' alleged deviations from accepted medical practice were a proximate cause of the injured plaintiff's injuries were conclusory, speculative, and failed to address specific assertions made by the defendants' expert (see Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d at 983; Murray v Central Is. Healthcare, 205 AD3d at 1037; Attia v Klebanov, 192 AD3d at 652; cf. Maestri v Pasha, 198 AD3d at 635). Accordingly, we affirm the judgment.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court