Estate of Toni Anne Simeone v Intermed Med. of NY, Inc. (2025 NY Slip Op 01908)

Estate of Toni Anne Simeone v Intermed Med. of NY, Inc.

2025 NY Slip Op 01908

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-06211
 (Index No. 30403/03)

[*1]Estate of Toni Anne Simeone, etc., et al., respondents, 
v
Intermed Medical of NY, Inc., et al., defendants, Irine Corst, etc., et al., appellants.

Lewis Johs Avallone Aviles, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Katherine Herr Solomon, and Ifza Riaz], of counsel), for appellant Osias Diaz, sued herein as John Doe, M.D. # 1, also known as "Dr. Diaz."
Aaronson Rappaport Feinstein & Deutsche, LLP, New York, NY (Elliott J. Zucker of counsel), for appellant Irine Corst.
McAndrew Conboy & Prisco, LLP, Melville, NY (Kevin B. McAndrew of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Osias Diaz, sued herein as John Doe, M.D. # 1, also known as "Dr. Diaz," appeals, and the defendant Irine Corst separately appeals, from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 15, 2020. The order, insofar as appealed from by the defendant Osias Diaz, sued herein as John Doe, M.D. # 1, also known as "Dr. Diaz," denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The order, insofar as appealed from by the defendant Irine Corst, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Osias Diaz, sued herein as John Doe, M.D. # 1, also known as "Dr. Diaz," which was for summary judgment dismissing so much of the cause of action alleging medical malpractice as was based on lack of informed consent insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants Osias Diaz, sued herein as John Doe, M.D. # 1, also known as "Dr. Diaz," and Irine Corst.
On February 19, 2002, Toni Anne Simeone (hereinafter the decedent), who was 18 years old at the time, went into cardiac arrest at her home and was transported to the hospital, where she was pronounced dead. An autopsy report later revealed that the decedent died from "pulmonary thromboemboli due to pelvic vein thrombosis and immobility as a consequence of [a] ruptured ovarian neoplasm." In 2003, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, the defendants Osias Diaz, sued [*2]herein as John Doe, M.D. # 1, also known as "Dr. Diaz," and Irine Corst, physicians who treated the decedent in the weeks preceding her death. Following the completion of discovery, Diaz moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him, and Corst separately moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated June 15, 2020, the Supreme Court, inter alia, denied that branch of Diaz's motion and Corst's motion. Diaz and Corst separately appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Santiago v Abramovici, 226 AD3d 720, 721 [internal quotation marks omitted]). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Vargas v Lee, 207 AD3d 684, 685 [internal quotation marks omitted]).
"If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (id.; see Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724).
Here, Diaz established his prima facie entitlement to judgment as a matter of law by submitting expert affirmations that opined that Diaz had rendered appropriate care to the decedent during an emergency room visit on January 26, 2002 (see Santiago v Abramovici, 226 AD3d at 721; Alao v Richmond Univ. Med. Ctr., 213 AD3d at 724-725). Contrary to Diaz's contention, in opposition, the plaintiffs' submission of an expert affirmation raised triable issues of fact as to whether the care rendered by Diaz departed from good and accepted medical practice and, in particular, whether Diaz's failure to order certain diagnostic tests and examinations to rule out an ovarian cyst proximately caused the decedent's death (see Santiago v Abramovici, 226 AD3d at 721; Alao v Richmond Univ. Med. Ctr., 213 AD3d at 724-725). However, the plaintiffs failed to raise a triable issue of fact as to whether Diaz affirmatively violated the decedent's physical integrity and therefore, the Supreme Court should have granted that branch of Diaz's motion which was for summary judgment dismissing so much of the cause of action alleging medical malpractice as was based on lack of informed consent insofar as asserted against him (see Thomas v Farrago, 154 AD3d 896, 897).
Corst also established her prima facie entitlement to judgment as a matter of law by submitting an expert affirmation that opined that Corst had rendered appropriate care to the decedent. However, in opposition, the plaintiffs' expert affirmation raised triable issues of fact as to whether the care rendered by Corst on February 13, 2002, departed from good and accepted medical practice and whether the alleged departures proximately caused the decedent's death (see Santiago v Abramovici, 226 AD3d at 721; Alao v Richmond Univ. Med. Ctr., 213 AD3d at 724-725; Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 860).
Diaz's and Corst's remaining contentions are without merit.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court