Peynado v Woodhull Med. & Mental Health Ctr. (2025 NY Slip Op 03347)

Peynado v Woodhull Med. & Mental Health Ctr.

2025 NY Slip Op 03347

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-08937
 (Index No. 502285/18)

[*1]Milton Peynado, appellant, 
v
Woodhull Medical and Mental Health Center, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross Friscia], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner, Jessica Miller, and Shane Magnetti of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated August 22, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendants, Woodhull Medical and Mental Health Center and New York City Health and Hospitals Corporation. The plaintiff alleged, among other things, that the defendants deviated from standard medical practice in failing to assist the plaintiff to the bathroom "when he grew dizzy and his vision became blurry due to an allergic/adverse reaction to contrast materials," causing him to fall and sustain injuries. The plaintiff also alleged that the defendants failed to recognize that he "was experiencing an allergic/adverse reaction despite the development of a rash, blurred vision, loss of balance, and dizziness." The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging medical malpractice. The Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Avgi v Policha, 232 AD3d 838, 839 [internal quotation marks omitted]; see Murray v Central Is. Healthcare, 205 AD3d 1036, 1037). "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Daniels v Pisarenko, 222 AD3d 831, 832, quoting Attia v Klebanov, 192 AD3d 650, 651). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; [*2]see Murray v Central Is. Healthcare, 205 AD3d at 1037). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150; see Daniels v Pisarenko, 222 AD3d at 833).
"General and conclusory allegations of medical malpractice, . . . unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] summary judgment motion" (Daniels v Pisarenko, 222 AD3d at 832-833 [internal quotation marks omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320, 325). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Daniels v Pisarenko, 222 AD3d at 833, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Here, the defendants established, prima facie, that they were entitled to judgment as a matter of law by submitting, inter alia, the plaintiff's medical records, a transcript of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h, a transcript of the plaintiff's deposition testimony, and an expert affirmation of a physician board certified in cardiology and nuclear cardiology. The defendants' expert opined that the defendants did not deviate from accepted medical practice in the treatment and care of the plaintiff and that any deviation was not a proximate cause of the plaintiff's injuries (see Avgi v Policha, 232 AD3d at 840; Daniels v Pisarenko, 222 AD3d at 833; Pirri-Logan v Pearl, 192 AD3d at 1151). In opposition, the evidence submitted by the plaintiff, including an expert affirmation, failed to raise a triable issue of fact. The opinion of the plaintiff's expert that the defendants' alleged deviations from accepted medical practice were a proximate cause of the plaintiff's injuries was conclusory and speculative and failed to address specific assertions made by the defendants' expert (see Nisevich v Shorefront Ctr. for Rehabilitation & Nursing Care, 216 AD3d 981, 983; Attia v Klebanov, 192 AD3d at 652). Moreover, portions of the opinion of the plaintiff's expert were contradicted by the record and were thus insufficient to raise a triable issue of fact (see Attia v Klebanov, 192 AD3d at 652).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court