Lynch v Wang (2026 NY Slip Op 00887)

Lynch v Wang

2026 NY Slip Op 00887

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-09891
 (Index No. 705525/18)

[*1]Kathleen Lynch, etc., appellant, 
vJohn H. Wang, etc., et al., respondents.

Abbott Bushlow & Schechner, LLP, Ridgewood, NY (Matthew A. Kaplan of counsel), for appellant.
Rubin Paterniti Gonzalez Rizzo & Kaufman, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Katherine Herr Solomon, and Melissa Danowski], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered September 27, 2023. The judgment, upon the granting of the defendants' oral application to dismiss the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the defendants' oral application to dismiss the complaint is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
In April 2018, this action was commenced, inter alia, to recover damages for medical malpractice against the defendants. The complaint alleged, among other things, that the defendant John H. Wang negligently performed a robotic assisted laparoscopic adrenalectomy on Phillip Lynch, Sr. (hereinafter the decedent), during which Wang sheared the decedent's splenic vein.
At trial, the Supreme Court granted the defendants' oral application to preclude the plaintiff's expert, Richard Batista, a board certified general surgeon, from testifying as to the appropriate standard of care for a robotic assisted laparoscopic adrenalectomy, on the ground that he was not qualified to testify with respect to robotic treatment of the decedent. The court also granted the defendants' oral application to dismiss the complaint, concluding that the plaintiff would be unable to establish a prima facie case without such expert testimony. On September 27, 2023, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in precluding the testimony of the plaintiff's expert. "A medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, but the witness should be possessed of the requisite skill, training, education, knowledge, or experience from which it can be assumed that the opinion rendered is reliable" (Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724; see DiLorenzo v Zaso, 148 AD3d 1111, 1112-1113). Here, the plaintiff's expert, a board certified general surgeon, testified [*2]that he had knowledge of adrenalectomies and the splenic vein based on his education and training, had performed surgeries involving the adrenal gland, and had extensive experience performing laparoscopic surgeries, and he opined that the principles of good surgical practice with respect to the isolation, preservation, and protection of adjacent organs were the same regardless of whether a surgery was performed openly, laparoscopically, or robotically. This testimony was sufficient to demonstrate that the plaintiff's expert was qualified to render an opinion regarding the standard of care for a robotic assisted laparoscopic adrenalectomy (see Alao v Richmond Univ. Med. Ctr., 213 AD3d at 724; Ariola v Long, 197 AD2d 605, 605). The expert's lack of experience in performing robotic assisted laparoscopic adrenalectomies goes to the weight of his testimony, not its admissibility (see Maestri v Pasha, 198 AD3d 632, 634; Ariola v Long, 197 AD2d at 605). Accordingly, the court should have denied the defendants' oral applications to preclude the plaintiff's expert from testifying as to the appropriate standard of care for a robotic assisted laparoscopic adrenalectomy and to dismiss the complaint, and we remit the matter to the Supreme Court, Queens County, for a new trial.
The plaintiff's remaining contention need not be reached in light of our determination.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court